The several precedents to which we have been referred, namely, Veasly v. State (Tex. Cr. App.) 85 S. W. 274, Patrick v. State, 106 Tex. Cr. R. 205, 291 S. W. 901, Goode v. State, 56 Tex. Cr. R. 418, 120 S. W. 199, Felts v. State, 53 Tex. Cr. R. 48, 108 S. W. 654, and Childers v. State, 37 Tex. Cr. R. 392, 35 S. W. 654, have been considered, and are not deemed in conflict with the rule of practice stated in the beginning of this opinion, nor of its application to the present facts.

[5] We will state, however, that it would have been proper for the court to have instructed the jury, in substance, that, unless the evidence showed beyond a reasonable doubt that Braun was the owner of the stolen animal, an acquittal should result. Such a charge, if requested, doubtless would have been given by the court. At all events, as the record is viewed here, a charge of the nature last mentioned would have fully protected the appellant's legal rights. See Davis v. State, 68 Tex. Cr. R. 400, 152 S. W. 1094.

The motion for rehearing is overruled.

═══════

## MARTINEZ v. STATE. (No. 11069.)

Court of Criminal Appeals of Texas. Oct. 26, 1927.

Rehearing Denied Nov. 30, 1927.

Burglary ⬤⟷41(1)—Evidence held to sustain conviction for burglary.

In prosecution for burglary, evidence *held* to sustain conviction.

Commissioners' Decision.

Appeal from District Court, San Patricio County; T. M. Cox, Judge.

Jose Martinez was convicted of burglary, and he appeals. Affirmed.

B. D. Tarlton, of Corpus Christi, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is burglary; the punishment two years' confinement in the penitentiary.

There are no bills of exception in the record. The testimony of the state is, in substance, this: The mercantile establishment of Taft Mercantile Company, Incorporated, was burglarized and dry goods of the approximate value of $400 taken therefrom without the consent of F. M. Boykin, Sr., president and general manager of the corporation, who had the actual control of the property, and in whom occupancy of the house and ownership of the property was alleged in the indictment. Shortly after the burglary a part of the property was recovered from appellant, and identified by the witness Boykin as being some of the property that was taken from the store.

Appellant testified, in substance, that at the time of the burglary he was asleep on the depot platform, and that three boys were with him; that about 3 o'clock in the morning they aroused him and said they had opened a window in a store; that he went with them and got in the house with them and helped them bring the things out; that they already had the things packed up; that they took the property out of the house and left it in a field near Taft.

We are of the opinion that the evidence was sufficient to sustain the verdict of the jury and the judgment rendered thereon.

The judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.

On Motion for Rehearing.

HAWKINS, J. No new question is presented in appellant's motion, but only the alleged insufficiency of the evidence is again urged.

From a careful review of the statement of facts on file, our opinion remains unchanged that the evidence amply justified the verdict.

The motion for rehearing is overruled.